## OF TEXAS



February 25, 1969

Rep. John Allen, Chairman
Conservation and Reclamation
  Committee
House of Representatives
State Capitol
Austin, Texas 78711

Opinion No. M-346

Re: Effect of H.B. No. 170,
(vesting Texas Water
Development Board with
eminent domain powers),
on existing water authori-
ties or districts.

Dear Sir:

Your opinion request states that the Conservation and
Reclamation Committee, House of Representatives, of the Texas
Legislature, has before it House Bill No. 170, by Clayton,
which reads as follows:

"A BILL TO BE ENTITLED

AN ACT

vesting the Texas Water Development Board
with the powers of eminent domain; requir-
ing the attorney general to represent the
board in legal proceedings; amending Sec-
tion 3, Chapter 425, Acts of the 55th
Legislature, Regular Session, 1957, as
amended (Article 8280-9, Vernon's Texas
Civil Statutes); and declaring an emer-
gency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

Section 1.  Section 3, Chapter 425, Acts of the 55th Legis-
lature, Regular Session, 1957, as amended by Section 2, Chapter
297, Acts of the 59th Legislature, Regular Session, 1965 (Arti-
cle 8280-9, Vernon's Texas Civil Statutes), is amended by adding a

Subsection (e) to read as follows:

"(e)  The Texas Water Development Board may exercise the full powers of eminent domain.  The powers are to be exercised in accordance with the provisions of Title 52, Revised Civil Statutes of Texas, 1925, as amended.  The Attorney General of the State of Texas shall represent the board in court proceedings conducted purusant to the provisions of Title 52, Revised Civil Statutes of Texas, 1925, as amended."

Sec. 2.  The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each house be suspended, and this Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Your Committee requests an opinion of the Attorney General as to "what effect this eminent domain portion of H.B. No. 170 would have on existing water authorities and/or districts."

The proposed House Bill No. 170 would add a Subsection (e) to the present Article 8280-9, Vernon's Civil Statutes. The structure of the other four (4) Subsections of Article 8280-9, V.C.S. is important.  Subsection (a) defines the membership of the Texas Water Development Board.  Subsection (b) describes the Board's duties in formulating "a comprehensive State Water Plan" which, when "formally adopted" by the Board "shall be a flexible guide to state policy for the development of water resources in this state".  Subsection (c) commits planning duties to the Board.  Subsection (d) transfers powers to the Board.

By adding the proposed Subsection (e) to Article 8280-9, Vernon's Civil Statutes, the Legislature would vest the Texas Water Development Board with the powers of eminent domain to implement and carry out all of the broad powers granted in the present statute for the making and execution of the Texas Water Plan.

Since eminent domain is an attribute of sovereignty, neither a State agency nor its subdivisions can exercise such power unless the Legislature has conferred such right by statutory enactment.  Brazos River Conservation & Reclamation District v. Harmon, 178 S.W.2d 281, (Tex.Civ.App. 1944, error

ref. w.m.); Coastal States Gas Producing Co. v. Pate, 158 Tex. 171, 309 S.W.2d 828 (1958). In the Pate case, the Supreme Court stated at page 831:

> "The language used by the Legislature
> may be accorded a full meaning that
> will carry out its manifest purpose
> and intention in enacting the statute,
> but the operation of the law will then
> be confined to cases which plainly
> fall within its terms as well as its
> spirit and purpose."

Statutes providing for creation of water improvement districts and water control and improvement districts, by the Commissioners Court of a County or by the Texas Water Rights Commission, grant to all of such districts, the power of eminent domain. Articles 7656, 7723, and 7880-126, V.C.S. Also, many districts specially created by the Legislature have the power to condemn for the purposes of the law. (For example, see Art. 8280-119, V.C.S.). None of these districts could exercise the power without express permission from the Legislature. Texas Law of Condemnation, by Madison Rayburn (1960), Chapter II-A, Sec. 13(2), pages 31-32.

While there is nothing on the face of House Bill No. 170 which would repeal or destroy the right of a local district to exercise its powers of condemnation as granted by the Legislature, your attention is invited to 22 Texas Jurisprudence 2d, Eminent Domain, Sec. 91-93, pages 151, et seq. Here the text discusses the extent condemnation powers may be exercised and emphasizes the fact that the Legislature can authorize condemnation of property that has already been taken for a public use. It is not necessary that there be specific statutory authorization, but it may be implied from a general grant of the power of eminent domain. Ft. Worth & R.G.R. Co. v. Southwestern Tel. & Tel. Co. 96 Tex. 160, 71 S.W. 270 (1903); 22 Tex. Jur. 2d 152, Em. Dom., Sec. 92. It would appear then, that the provisions conferring a general grant of power of eminent domain in House Bill No. 170, when fairly read within the four corners of the laws regulating Texas Water Development Board, would impliedly empower that Board in its acquisitions to implement the Texas Water Plan to override local district condemnation powers, subject only to money appropriated by law or pursuant to certain funds created by the Constitution. It must be understood, however, that in the exercise

of the power of eminent domain, the Texas Water Development Board cannot legally impair contractural obligations of conservation districts without making adequate compensation to the affected districts.

## SUMMARY

The enactment of House Bill No. 170 as proposed would, in fact, make local acquisitions by water improvement districts or water control and improvement districts in the exercise of eminent domain subordinate to those exercised by the State Water Development Board.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas


Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
John Grace
Sally Phillips
John Banks
Charles Aycock